**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
RENNIE PHIL WASHINGTON,                           :
                                                  :
                           Petitioner,            :     **ORDER**
                                                  :
              -against-                           :     04 Civ. 3492 (RMB) (MHD)
                                                  :
DISTRICT DIRECTOR, IMMIGRATION AND                :
NATURALIZATION SERVICE; LAURA A.                  :
MICHALEC, ESQ., THE ASSISTANT CHIEF               :
COUNSEL FOR INS and ALBERTO GONZALEZ              :
ATTORNEY GENERAL, et. al.,                        :
                                                  :
                           Respondents.           :
-----------------------------------------------------------------x

**I.    Background**

On or about May 6, 2004, Rennie Phil Washington ("Petitioner") filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition"), challenging his final order of removal from the United States (issued by the Board of Immigration Appeals ("BIA") on February 25, 2004) and challenging his ongoing detention in Berks County Prison in Leesport, Pennsylvania, pending resolution of his Petition.[1]

On or about September 2, 2005, United States Magistrate Judge Michael H. Dolinger, to whom the matter had been referred, issued a comprehensive Report and Recommendation ("Report") recommending that (1) the "portion of the petition challenging the BIA's removal order be transferred to the United States Court of Appeals for the Second Circuit," pursuant to Section 106 of the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (2005) ("RIDA") and 8 U.S.C. § 1252(b)(2), and (2) that the "balance of the petition be transferred to the Eastern District of Pennsylvania unless petitioner is currently in custody elsewhere." (Report

---

[1] On or about May 11, 2005, Petitioner filed a memorandum informing the Court that he had been transferred from Berks County Prison in Leesport, Pennsylvania to the Passaic County

at 10.) On or about September 19, 2005, Magistrate Judge Dolinger issued a Supplemental Report and Recommendation ("Supplemental Report") noting that Petitioner had been "transferred to the Passaic County Jail in Patterson, New Jersey" and "correct[ing] our recommendation to specify that the transfer of the detention claim should be to the District of New Jersey rather than the Eastern District of Pennsylvania." (Supplemental Report at 2.)

The Report advised that "[p]ursuant to Rule 72 of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from this date to file written objections to this Report and Recommendation." (Id.) On or about October 3, 2005, Petitioner filed objections to the Report ("Petitioner's Objections"). Respondents have not replied to Petitioner's Objections.

**For the reasons set forth below, the Court adopts the Report, as amended by the Supplemental Report, in its entirety.**

## II. Legal Standard

The Court may adopt those portions of a magistrate's report to which no objections have been made and which are not facially erroneous. See Fed. R. Civ. P. 72(b); see also Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989); Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). The Court makes "a de novo determination of those portions of the report . . . to which objection is made" and may accept, reject, or modify, in whole or in part, the findings and recommendations of the magistrate. Grassia, 892 F.2d at 19; see Deluca v. Lord, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994).

Where, as here, the petitioner is proceeding pro se, "the courts are obliged to broadly construe the party's pleadings and interpret them 'to raise the strongest argument that they suggest.'" Cook v. Pearlman, 212 F. Supp. 2d 258, 261 (S.D.N.Y. 2002) (quoting Graham v.

---

Jail in Patterson, New Jersey.

Henderson, 89 F.3d 75, 79 (2d Cir. 1996)).

**III.    Analysis**

The facts as set forth in the Report as amended by the Supplemental Report are incorporated herein by reference unless otherwise noted.  The Court has conducted a de novo review of, among other things, the Petition, the Report, the Supplemental Report, Petitioner's Objections, the record, and applicable legal authorities, and concludes that the determinations and recommendations made by Magistrate Judge Dolinger are supported by the record and the law in all respects.  See Pizarro, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).  Petitioner's Objections do not constitute a basis for departing from the Report's recommendations.[2]

First, Magistrate Judge Dolinger correctly concluded that Petitioner's case "fits squarely within the terms of section 106 [of RIDA] insofar as he challenges a final order of removal and inasmuch as he filed his petition prior to the enactment of [RIDA]."  (Report at 6); see also Campos-Javier v. Ashcroft, No. 04 Civ. 908, 2005 WL 1330922, at *1 (S.D.N.Y. June 6, 2005).

Second, Magistrate Judge Dolinger correctly concluded that "[t]he transfer to the Second Circuit of petitioner's challenge to the final removal order leaves only a 'core' habeas claim pending in the district.  Since petitioner is not detained in this district, we are bound by [Rumsfeld v. Padilla, 542 U.S. 426, 124 S.Ct. 2711 (2004)] to recommend transfer of the [remaining] portion of Washington's petition to the district [New Jersey] where he is currently confined."  (Report at 9; Supplemental Report at 2); see also Padilla, 542 U.S. at ___, 124 S.Ct. at 2725; Ortega v. Gonzalez, No. 05 Civ. 2365, 2005 WL 1523783, at *4

---

[2] As to any portion of the Report to which no objections have been made, the Court concludes that the Report is not clearly erroneous.  See Pizarro, 776 F. Supp. at 817.   Any of Petitioner's Objections not specifically addressed in this Order have been considered de novo and rejected.

S.Ct. at 2725; Ortega v. Gonzalez, No. 05 Civ. 2365, 2005 WL 1523783, at *4 (E.D.N.Y. June 28, 2005).

## IV. Conclusion And Order

For the reasons set forth herein and therein, the Report, as amended by the Supplemental Report, is adopted in its entirety. The Clerk of Court is respectfully requested to transfer (i) Petitioner's claims with respect to his order of removal to the United States Court of Appeals for the Second Circuit, Thurgood Marshall Courthouse, 40 Centre Street, New York, New York, 10007 and (ii) Petitioner's claims challenging his ongoing detention to the United States District Court for the District of New Jersey.

Dated: New York, New York
October 19, 2005

*RMB*

**RICHARD M. BERMAN, U.S.D.J.**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/19/05